IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASTARTE DAVIS-RICE,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant.<br>_____ | No. C 07-6483 MMC (PR)<br><br>**ORDER OF DISMISSAL; DENYING LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**(Docket No. 2)** |

      On December 27, 2007, plaintiff, a federal prisoner proceeding pro se, filed the above-titled civil action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680. That same date, the Court notified plaintiff in writing that the action was deficient due to plaintiff's failure to pay the requisite filing fee or, instead, to submit a completed court-approved in forma pauperis ("IFP") application. In said notice, plaintiff was advised that her failure to pay the filing fee or, alternatively, to file a completed IFP application, within thirty days, would result in dismissal of the action. Along with said notice, plaintiff was sent a copy of the Court's IFP application, instructions for completing it, and a return envelope.

      On February 5, 2008, the Clerk of Court received from a plaintiff a letter in which plaintiff wrote that she had paid the $350.00 filing fee in the instant case on January 22, 2008, and asked whether she could proceed to serve the complaint. (Docket No. 4.) After receiving plaintiff's letter, the Clerk requested from the court's financial office a copy of the receipt that would have been generated when the filing fee was paid; to date, the financial office has found no record that the filing fee was ever paid.

      Accordingly, as more than thirty days have passed since the deficiency notice,

plaintiff has not completed the IFP application, and there is no court record showing that plaintiff has paid the filing fee, plaintiff's application for leave to proceed IFP is hereby DENIED, and the above-titled action is hereby DISMISSED without prejudice. If plaintiff can provide the Court with proof that she paid the filing fee (for example, by providing a Clerk's office receipt or a cancelled check), she may move to reopen the action.

     This order terminates Docket No. 2.

     The Clerk shall close the file.

     IT IS SO ORDERED.

DATED: April 16, 2008

_____
MAXINE M. CHESNEY
United States District Judge